Opinion
ROBERSON, Acting P. J.
Appellant challenges the determination of the trial court that the statutory time to bring him to trial had not expired in this case.
*Supp. 3 Facts
On March 4,1996, appellant was charged by misdemeanor complaint with having committed a battery upon a bus driver (Pen. Code, §§ 242, 243.3.) Appellant was arraigned the same day while in custody, and he pled not guilty. Thus, pursuant to Penal code section 1382, appellant had the right to be tried within 30 days following arraignment. The 30th day following appellant’s arraignment was April 3, 1996.
On March 13, 1996, defense counsel appeared in court and stated to the judge that she and a colleague from the mental health section of the probation department wanted appellant examined pursuant to Penal Code[1] section 4011.6. This section allows a “prisoner to be taken to a facility for 72-hour treatment and evaluation pursuant to Section 5150 of the Welfare and Institutions Code . . . .”[2] Appellant’s counsel further stated that April 3, 1996, should remain as the statutory last day for trial, and there would be no waiver of time for trial. The trial court agreed to refer appellant for observation, but stated that “time is going to be stayed pursuant to the laws on the [sic] mental health” and inferred that the referral was made pursuant to section 1367.1. The court order of March 13,1996, referring appellant for 72-hour treatment and evaluation, states: “The Court has reason to believe that, as a result of a mental disorder, this defendant is either a danger to self, a danger to others or gravely disabled.” The order further states that the order is made “pursuant to section 4011.6.”
Thereafter, the issue became whether the referral was made pursuant to section 1367.1 or 4011.6, and whether the time allowed to bring appellant to trial was stayed during this referral period. Appellant’s counsel argued that the referral was made solely pursuant to section 4011.6, which states that unless the prisoner is detained in the observation facility and the person in charge of the facility “determines that arraignment or trial would be detrimental to the well-being of the prisoner . . . this section shall not affect any statutory time requirements for arraignment or trial in any pending criminal or juvenile proceedings.” (§4011.6, 7th par., italics added.) The People, however, argued that the referral was made pursuant to section 1367.1, subdivision (b). The People then argued that the time requirements are suspended pursuant to section 1367.1, subdivision (c), which states, “. . . when an order for evaluation and treatment in accordance with Section 4011.6 has been issued, all proceedings in the criminal prosecution shall be *Supp. 4 suspended until the evaluation and treatment has been concluded.” The trial court agreed with the People that time for trial had been suspended due to its earlier order for evaluation, and it set a new time for trial outside the original 30-day statutory period, but within the recalculated 30-day period. Appellant thereafter pled no contest, and this appeal has ensued.
Discussion
On appeal, the issue once again is whether the time for trial was automatically stayed at the time appellant’s counsel requested appellant be sent for evaluation. We conclude that the order referring appellant for treatment and evaluation was made pursuant to section 4011.6 and that the trial court erred in determining time was stayed for purposes of calculating the time bringing appellant to trial.
Two key facts in this case—the terms of the referral order and the purpose for which appellant was referred—support the conclusion that the trial court referred appellant for treatment under section 4011.6 rather than section 1367.1.
While the trial court appeared to use sections 1367.1 and 4011.6 interchangeably, the two sections in fact have different objectives. Section 1367.1 was added by the Legislature in 1992 in an attempt to change the process by which defendants who were charged only with misdemeanors were to have their competency to stand trial evaluated.[3] However, this section minimally alludes to its primary purpose. Only in subdivision (a) of section 1367.1 is there a mention of the concern of whether the defendant is “incompetent to stand trial." Subdivision (b) speaks only of the concern that the defendant “may be mentally disordered” without any reference to the question of competency to stand trial. Also confusing is the fact that section 1367.1, unlike its counterpart section 1368, does not provide for a hearing to determine a defendant’s competency to stand trial when that competency is brought into question.
When a misdemeanant’s competency to stand trial is questioned under section 1367.1, the court is to order the defendant for “evaluation and treatment in accordance with section 4011.6.” (§ 1367.1, subd. (b).) However, this is actually an ineffectual act by the court because section 4011.6 does not require a defendant to be examined at a mental health facility in order to determine whether the defendant is competent to stand trial, but merely to determine whether the defendant is a danger to himself or others, *Supp. 5 or is gravely disabled. As appellant points out in his brief, a conclusion that a defendant is dangerous or gravely disabled does not necessarily mean the defendant is incompetent to stand trial.
Because of the poor wording of section 1367.1 and because this section attempts to treat a misdemeanant differently from a felon for purposes of determining competency to stand trial, without any logical basis for so doing, appellant requests this court find section 1367.1 unconstitutional. We decline to consider and rule upon the constitutionality of section 1367.1 because, as we discuss below, we conclude section 1367.1 does not apply to these facts and, therefore, its provisions are of no consequence to a determination of this appeal.
The trial court’s order referring appellant for evaluation and treatment does not indicate that the court questioned appellant’s competency to stand trial, and nothing in the court hearing in which defense counsel suggested appellant should be referred indicates that any question was raised as to appellant’s competency to stand trial.
It is clear from the discussions at the hearing and from the referral order that appellant’s referral was made solely pursuant to section 4011.6, under the belief that appellant was potentially dangerous to himself or others. As such, the time spent in evaluation and treatment should not have affected any statutory time requirements for trial. (§ 4011.6, 7th par.)
Additionally, if the trial court had desired to refer appellant under section 1367.1, the court failed to follow the requirement of subdivision (a) of section 1367.1, which states that “if the defendant’s behavior or other evidence leads the judge to conclude that there is reason to believe that the defendant is mentally disordered and as a result may be incompetent to stand trial, the. judge shall state this conclusion and his or her reasons in the record.” (Italics added.) Neither this conclusion nor any reasons supporting a belief that appellant may be incompetent to stand trial appear in the record. Not only did the court fail to state on the date it made the referral that it was referring appellant on the basis that it questioned appellant’s competency to stand trial, but the court repeatedly refused to state this as a basis during subsequent hearings on this issue.[4] We are satisfied that the record indicates that the court did not question appellant’s competency, but only the question of whether appellant was dangerous or gravely disabled. The trial court thus *Supp. 6 had a basis to refer appellant under section 4011.6, but not under section 1367.1.[5]
Because the referral of appellant for evaluation and treatment was pursuant to section 4011.6, the time during which appellant was in the mental health facility should not affect any statutory time to bring appellant to trial. Over appellant’s objection, and without a showing of good cause he was not brought to trial within the statutory time limits. Accordingly, the court erred in denying his motion to dismiss.
Disposition
The judgment is therefore reversed, and the matter remanded with orders to dismiss the complaint.
Todd, J., and Kakita, J., concurred.

All further statutory references will be to the Penal Code unless otherwise indicated.

Section 5150 of the Welfare and Institutions Code refers to treatment and evaluation of the person in a mental health facility when it is believed that the “person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled . . .

Previously, the issue of any defendant’s mental competence to stand trial was controlled by section 1368 et seq.

It is apparent that much of the confusion caused in the trial court in attempting to discern the meaning of section 1367.1 was not the fault of the judge or counsel, but rather the poor wording of section 1367.1 itself.

The People argue in their supplemental brief that the record supports a conclusion that the referral was made under section 1367.1 because the referral was made during a court proceeding. However, this fact is not controlling. While a referral under section 4011.6 may be done through an extrajudicial procedure, it can also be raised by counsel during a regularly scheduled court appearance, as occurred here.